UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES DOOLEY, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ALFREDA KIBBY, et al., )<br>    Defendants. ) | 12-CV-3006 |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim of excessive force, inhumane conditions of confinement, and punishment without procedural due process.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court

must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), *citing* <u>Bell Atlantic</u>, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is confined at the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

On or about July 9, 2011, Plaintiff was directed several times over the intercom to come to the kitchen and work.  Plaintiff refused because it was his day off.  Eventually, Defendant Haage came to Plaintiff's room and directed him to back up to the access hole in the door so that Plaintiff could be handcuffed.  Plaintiff refused, and Haage called in an extraction team of six members.

Plaintiff capitulated when the extraction team arrived, backing up

to the chuck hole with his hands behind him. After cuffs were placed, one of the extraction team members yanked the chain forcefully, pulling Plaintiff's hands up to his shoulders, causing "extensive damage" to Plaintiff's right hand. The incident was allegedly captured on video tape. The members of the extraction team were Defendants Chenoweth, Angel, Zimmerman, Keller, Teel, and Maloney.

Plaintiff was then forced to walk backwards to the health care unit and placed in a "glass jail cell." His clothes were torn off and the cell mattress was removed. For three days, the cell lacked operable plumbing or a mattress. Plaintiff was given only four squares of toilet paper on his third day.

Plaintiff was written a disciplinary report based on the incident, which apparently resulted in his segregation for thirty days. Plaintiff appears to be alleging that he did not receive adequate notice of the charges against him. He alleges that Defendant McAdory ordered the imposition of the segregation.

## ANALYSIS

Plaintiff states an excessive force claim based on the yanking of his arms up behind his back after he was cuffed.  According to his allegations, he was no longer resisting, and thus no force was necessary.  See Hudson v. McMillian, 503 U.S. 1, 5 (1992)(force used against an inmate is unconstitutional if it is applied "'maliciously and sadistically for the very purpose of causing harm,'" as opposed to applied "'in a good-faith effort to maintain or restore discipline.'")(other citations omitted).[1]  This claim will proceed against the extraction team members and Defendant Haage.

Plaintiff also states an arguable claim for enduring inhuman conditions of confinement for three days in segregation without toilet paper, a mattress, or working plumbing.  Which Defendants are personally responsible for these conditions is not clear.  Plaintiff does mention an officer Parsons, but he is not listed as a Defendant.  At this

---

[1]The Fourteenth Amendment applies the standard, not the Eighth Amendment, but the difference is immaterial at this point in light of Plaintiff's allegations.  See Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010)("The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment.")

5

point, the claim will proceed against Defendants Haage and McAdory.

Plaintiff may also be pursuing a procedural due process claim based on his 30-day segregation. He appears to allege inadequate notice of the charges. Whether Plaintiff suffered the deprivation of a constitutionally protected liberty interest is not clear. However, this determination should be made on a more developed record. Plaintiff does not name the Behavioral Committee members as defendants, but he does allege that Defendant McAdory was the one who ordered the punishment. Accordingly, this claim will proceed against Defendant McAdory at this point.

No plausible claim is stated against Defendant Kibby, the acting director at the time. She cannot be held liable for the constitutional violations of her subordinates solely because she was in charge, and no plausible inference arises that she was personally involved in any of the deprivations. *See* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause

or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Similarly, no claim is stated against Defendant Clayton, whose only action was to fail to investigate the incident at Plaintiff's urging.

IT IS THEREFORE ORDERED:

    1) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). Pursuant to its review of the Complaint, the Court finds that Plaintiff states the following federal claims: a) an excessive force claim against Defendants Haage, Chenoweth, Angel, Zimmerman, Keller, Teel, and Maloney; b) an inhuman conditions-of-confinement claim against Defendants McAdory and Haage; and c) a procedural due process claim against Defendant McAdory. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2) Defendants Kibby and Clayton are dismissed for failure to state a claim against them.

3) Plaintiff's motion for the Court to order Defendants to stop retaliating against him is denied (d/e 10). "'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" <u>Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America</u>, 549 F.3d 1079, 1085 (7th Cir. 2008)(quoted cites omitted). Plaintiff must do more than make allegations to obtain preliminary injunctive relief. He must provide evidence to show that he has some likelihood of success on his claims. He must also demonstrate that he will suffer irreparable harm without an injunction. At this point, Plaintiff has shown neither.

4) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed.  Any paper

received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 23, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

11) Counsel for Defendants is hereby granted leave to depose

Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12) Plaintiff shall immediately notify the court of any change in their mailing addresses and telephone numbers. Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) The Clerk is directed to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED:     May 18, 2012

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE