UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES DOOLEY,         )<br>    Plaintiff,            )<br>                         )<br>v.                       )     12-CV-3006<br>                         )<br>ALFREDA KIBBY, et al.,   )<br>    Defendants.          ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, proceeds on claims of excessive force, inhumane conditions of confinement, and punishment without procedural due process. Discovery closed on April 1, 2013, but several motions to compel discovery are pending.

### Plaintiff's Motions to Compel Answers to Interrogatories

Plaintiff asks Defendants to state whether they have "any education, training, and/or skills that would help you to better aide [sic] in the safety and security of the Therapeutic environment at the Rushville . . . facility."

The Court agrees with Defendants that this question is too vague and broad. Further, Defendants have responded that they receive weekly tactical team training and training from the IDOC.

Plaintiff also asks some of the Defendants whether they were "working under direct orders from the Shift Commanders Office" on July 9, 2011. Defendants responded that they were called by the Shift Commander to extract Plaintiff from his cell on that day and that the Security Director authorizes the emergency response team. This answer is responsive.

Plaintiff asks whether Defendants have been accused of physically harming anyone. The Court agrees that this question is too vague and broad. Further, evidence of other excessive force incidents would not be admissible to prove that Defendants used excessive force in this case. Fed. R. Evid. 404(a)(1)("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). However, substantiated allegations of excessive force in the workplace may be relevant to show a

material fact such as motive, intent, or lack of accident.   See Fed. R. Evid. 404(b)(2); see Okai v. Verfuth, 275 F.3d 606, 610 (7th Cir. 2001)(setting forth test for whether prior bad acts are admissible). Defendants will be directed to inform Plaintiff whether Defendants have been found to have used excessive force on a resident of the Rushville Treatment and Detention Center.

Plaintiff next asks Defendants whether they have been charged with any crime anywhere in the United States.   The Court agrees with Defendants that this question is too broad and seeks irrelevant information.   However, convictions punishable by more than one year of imprisonment, or convictions for crimes of dishonesty, may be admissible to attack credibility.   Fed. R. Evid. 609.   Convictions for assault might also be relevant.   Defendants will be directed to disclose such convictions, if any.

Also, Plaintiff asks if Defendants have been named as Defendants in any other civil cases.   The Court agrees with Defendants that this question is too broad and seeks irrelevant information.

In addition to the above questions, Plaintiff asks Defendant

Haage if Haage has "ever been accused of being under the influence of alcohol at work?"  The Court agrees with Defendants that this is irrelevant to Plaintiff's claims.

Next, Plaintiff challenges Defendant Maloney's statement that she was not working on July 9, 2011.  Defendant Maloney's answer is responsive, even if Plaintiff believes the answer is false.  If Plaintiff has evidence that Defendant Maloney was at work on this day, then Plaintiff may submit the evidence at the summary judgment stage.

Plaintiff asks additional questions to Defendant McAdory, but the Court finds Defendant McAdory's answers responsive.  Plaintiff's questions about other allegations of misuse of authority against McAdory is too vague and broad.  McAdory will already be providing information about convictions and substantiated excessive force incidents.

## Plaintiff's Revised Request

The Court agrees with Defendants that Plaintiff's request for all program directives is too broad.  The Court will order the production of program directives relevant to Plaintiff's claims.  Similarly, Plaintiff's requests for all disciplinary reports on file with Central

Management Services regarding Defendants is too broad. Defendants are already producing information on prior findings of excessive force and convictions for assault.

Plaintiff seeks "the complete contract for AFSCME for the employment" of Defendants, but that request is irrelevant to Plaintiff's claims.

Plaintiff seeks video footage, but Plaintiff has already been given an opportunity to view the video footage that does exist.

Some of Plaintiff's document requests do seek relevant information, though the requests may be phrased too broadly. For example, Defendants' resumes may provide relevant background information. The training for security therapy aides and restraint protocol may be relevant to Plaintiff's claims of excessive force. Similarly, the procedures for confining a resident on "cool down" or "close status" may be relevant to Plaintiff's condition of confinement claim or procedural due process claim. Lastly, Plaintiff's entire "master file" is not relevant, but documents in the file relating or referring to the events at issue in this case would be relevant. Accordingly, this information will be compelled. If disclosure

presents security concerns, Defendants may redact the necessary information and file a motion to redact, attaching under seal an unredacted version of the document.

IT IS THEREFORE ORDERED:

1) Plaintiff's motions to compel are granted in part and denied in part (d/e's 38-45, 47).   By August 30, 2013, each Defendant is directed to:

    a. inform Plaintiff if the Defendant under consideration has been found to have used excessive force on a resident of Rushville Treatment and Detention Center.   If yes, the Defendant under consideration shall state the date of the excessive force and the findings.

    b. inform Plaintiff if the Defendant under consideration has been convicted of a crime punishable by more than one year of prison; has been convicted of a crime which required proving a dishonest act or statement; or has been convicted of the crime of assault.   If yes, the Defendant shall state the date of the conviction and the offense.

    c. Provide Plaintiff with a resume, if already created;

    d. Provide Plaintiff with documents which set forth the training provided to security therapist aides regarding cell extractions, use of force on residents, placing a resident on cool down, and placing a resident in close status;

    e. Provide Plaintiff with procedures, protocols, and directives regarding cell extractions, use of force on residents, placing a resident on cool down, and placing a resident in close status; and,

    f. Provide Plaintiff with documents in his master file which relate or refer to the incidents at issue in this case;

2) Defendants' motion to strike Plaintiff's reply to Defendants' response is granted (d/e 60).   No reply to the response is permitted under the local rules.

3) Plaintiff's motion to extend his deadline for responding to Defendants' discovery requests is granted (d/e 67).   Plaintiff's response deadline is extended to August 30, 2013.

4) Plaintiff's motion to preserve video evidence of a search of his cell is denied (d/e 63) because no such video evidence exists according to Defendants (d/e 72).

5) The summary judgment motion deadline is extended to September 20, 2013.

6) The final pretrial and trial dates are vacated, to be rescheduled after a ruling on summary judgment motions.

ENTERED: 8/1/2013

FOR THE COURT:

__**s/Sue E. Myerscough**__
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE